J-S39043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                    :             PENNSYLVANIA
                    :

          v.             :

THOMAS L. STONER          :
                    :

        Appellant      :      No. 280 MDA 2018

Appeal from the Judgment of Sentence May 24, 2017
in the Court of Common Pleas of Franklin County,
Criminal Division at No(s): CP-28-CR-0001854-2015

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED JULY 25, 2018**

Thomas L. Stoner ("Stoner") appeals from the judgment of sentence imposed following his guilty plea to robbery. *See* 18 Pa.C.S.A. § 3701(a)(1)(iii). Additionally, Stoner's counsel, Casey S. Bogner, Esquire ("Attorney Bogner"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967). We grant Attorney Bogner's Petition to Withdraw, and affirm the judgment of sentence.

On the evening of September 19, 2015, Mary Jane Hinton ("Hinton") and Stoner were drinking together when she asked Stoner to take money from an individual. Stoner agreed, and that evening they met up with the victim outside of a pub. Thereafter, an altercation ensued during which Stoner, who had a tire iron in his hand, punched the victim. Stoner was charged with two counts each of robbery and aggravated assault, and one count each of theft

by unlawful taking, simple assault, and false reporting.[1]  On August 1, 2016, Stoner entered an open guilty plea to one count of robbery.  On May 24, 2017, Stoner was sentenced to a bottom of the mitigated range sentence of forty-five to ninety months in prison.[2]  On June 5, 2017, Stoner filed a timely Post-Sentence Motion to Withdraw Guilty Plea, which the trial court denied.  Stoner filed a timely Notice of Appeal and court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Attorney Bogner filed a Petition to Withdraw as counsel with this Court on May 1, 2018.   Attorney Bogner has filed a brief pursuant to **Anders** that raises the following issue on appeal: "Did the trial court err or abuse its discretion in denying [Stoner's] Post-Sentence Motion to Withdraw Guilty Plea?"  **Anders** Brief at 7.  Stoner neither filed a *pro se* brief, nor retained alternate counsel for this appeal.

Before addressing Stoner's issue on appeal, we must determine whether Attorney Bogner has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation.  **See Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012).  Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must:

---

[1] **See** 18 Pa.C.S.A. §§ 3701(a)(1)(i), (iii); 2702(a)(1), (4); 3921(a); 2701(a)(1); 4906(a).

[2] Stoner's co-defendant, Hinton, pled guilty to conspiracy to commit theft, and was sentenced to three to twenty-three months in county jail.

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

*Id.* (citation omitted). Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Here, we conclude that Attorney Bogner has substantially complied with each of the requirements of *Anders*. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of *Anders*). Attorney Bogner indicates that she has made a conscientious examination of the record and determined that an appeal would be frivolous. Further, Attorney Bogner's *Anders* Brief comports with the requirements set forth by the Supreme Court of Pennsylvania in

*Santiago*. Finally, Attorney Bogner provided Stoner with a copy of the *Anders* Brief and advised him on his rights to retain new counsel or to raise any additional points deemed worthy of the Court's attention. Thus, Attorney Bogner has complied with the procedural requirements for withdrawing from representation. We next examine the record and make an independent determination of whether Stoner's appeal is, in fact, wholly frivolous.

Stoner contends that his guilty plea was "unknowingly and unintelligently" entered into because it was based on the understanding that he had been made the same plea offer as his co-defendant, Hinton. *Anders* Brief at 12.

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008). In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

> 1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere?*
>
> 2) Is there a factual basis for the plea?
>
> 3) Does the defendant understand that he or she has the right to a trial by jury?

- 4 -

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.*; *see also* Pa.R.Crim.P. 590, cmt. "Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999). "In determining whether a guilty plea was entered knowingly and voluntarily, … a court is free to consider the totality of the circumstances surrounding the plea." *Commonwealth v. Flanagan*, 854 A.2d 489, 513 (Pa. 2004). Moreover, the oral colloquy may be supplemented by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings. *Commonwealth v. Morrison*, 878 A.2d 102, 108 (Pa. Super. 2005).

Here, the trial court orally conducted a plea colloquy and prior to Stoner's entry of his guilty plea, Stoner completed a written guilty plea colloquy. Stoner indicated at the time of his plea that he understood the English language, that he was not under the influence of alcohol or drugs, and that he did not suffer from any mental illnesses. Written Plea Colloquy, 8/1/16, at 3, 5; N.T., 8/1/16, at 4. Stoner confirmed that he knew and understood the nature of the charges, the factual basis of the plea, and that

the judge was not bound by the terms of the plea agreement. Written Plea Colloquy, 8/1/16, at 4, 5; N.T., 8/1/16, at 3-5. Further, Stoner stated that he understood the permissible range of sentences and fines, stated that he was not promised a sentence, and understood that the judge had complete discretion in imposing the sentence. Written Plea Colloquy, 8/1/16, at 4,5; N.T., 8/1/16, at 5. Stoner also acknowledged that by pleading guilty, he was foregoing certain rights, including the presumption of innocence, the right to file pre-trial motions, and the right to a jury trial. Written Plea Colloquy, 8/1/16, at 3, 4; N.T., 8/1/16, at 5. Finally, Stoner stated that he was satisfied with his legal representation. Written Plea Colloquy, 8/1/16, at 5; N.T., 8/1/16, at 4. Based upon the foregoing, we conclude that Stoner's guilty plea was knowingly, voluntarily, and intelligently given. *See Commonwealth v. Kelly*, 5 A.3d 370, 382 n.11 (Pa. Super. 2010) (stating that "[a] defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.") (citation omitted). Accordingly, Stoner's claim is frivolous.

Further, our independent review of all the proceedings discloses no other non-frivolous issues that Stoner could raise on appeal. *See Commonwealth v. Dempster*, 2018 PA Super 121, *5 (Pa. Super. 2018) (*en banc*). Thus, we grant Attorney Bogner's Petition to Withdraw, and affirm Stoner's judgment of sentence.

Petition to Withdraw granted; judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>07/25/2018</u>